**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRETT NEIMEISTER,<br>Plaintiff,<br>v.<br>FORD MOTOR COMPANY<br>and<br>READING TRUCK BODY, LLC<br>Defendants. | Case No.: 1:21-CV-06097<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT READING TRUCK BODY, LLC'S MOTION TO DIMISS PURSUANT TO RULE 12(b)(6) and (e)** |

Defendant Reading Truck Body, LLC ("Reading") submits this Memorandum of Law in support of its Motion to Dismiss this action in its entirety pursuant to Rule 12 (b)(6) or, in the alternative, for a More Definite Statement pursuant to Rule 12(e).

## TABLE OF CONTENTS


**TABLE OF AUTHORITIES** ........ 1
**Introduction** ........ 2
**LEGAL STANDARD** ........ 3
**ARGUMENT** ........ 4
**I. PLAINTIFF'S VEHICLE IS A COMMERCIAL VEHICLE AND NOT SUBJECT TO THE NEW JERSEY MOTOR VEHICLE WARRANTY ACT** ........ 4
**II. PLAINTIFF IS NOT A CONSUMER AND THE VEHICLE IS NOT A CONSUMER PRODUCT SUBJECT TO THE MAGNUSON-MOSS WARRANTY IMPROVEMENT ACT** ........ 5
**III. IN THE ALTERNATIVE, DEFENDANT MOVES FOR A MORE DEFINITE STATEMENT.** ........ 7
**CONCLUSION** ........ 9


## TABLE OF AUTHORITIES

### Cases


Associated Gen'l Contractors v. Metro.Water Dist., 159 F.3d 1178, 1181 (9th Cir. 1998) ........ 3
BJ AM Elec., LLM v. BMW N.Am., LLC, 2019 N.J. Super.Unpub.LEXIS 1052, 2019 WL 2028706, *quoting* N.J.S.A § 39:1-1 ........ 4
Crume v. Ford Motor Co., 653 P.2d 564, 567 (Ore.App.1982) ........ 6
Eversole v. Ford Motor Co., 2012 U.S.Dist.LEXIS 49166 (E.D.Va.,2012) ........ 6

Frederic v. Ford Motor Co., 2009 U.S. Dist. LEXIS 44072 (U.S.Dist.Md. 2009) ........................................................6
Hund v. Ford Motor Company, 1919 N.J. AGEN LEXIS 2195, 91 N.J.A.R.2d (CMA) ..............................................4
Kendall v. Visa U.S.A.,Inc., 518 F.3d 1042, 1047 (9th Cir. 2008)..........................................................................3
Kwiatkowski v. Volvo Trucks N. Am., Inc., 500 F. Supp. 2d 875 (E.D.Ill.,2007)......................................................6
Lum v. Bank of America, 361 F.3d 217, 223-24 (3d Cir. 2004) ..............................................................................9
Lum, 361 F.3d at 224...................................................................................................................................9
Padilla v. Yoo, 678 F.3d 748, 757 (9th Cir. 2012) ................................................................................................3
People ex rel. Mota v. Central Sprinkler Corp., 174 FSupp2d 824, 829-30 (C.D.Ill.,2001)..........................................6
Russo v. NCS Pearson, Inc., 462 FSupp2d 981,998 (D.Minn.2006)...........................................................................6
Schaedler v. Reading Eagle Publication, Inc.,370 F.2d 795 (3d Cir. 1967) ................................................................4
Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984)............................................8
Sun Co., Inc. (R & M) v. Badger Design & Constructors, Inc., 939 F. Supp. 365, 368 (E.D. Pa. 1996) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1376 (1990).............................................3
Wadhwa v. Secretary, Dept. of Veterans Affairs, 505 F. App'x. 209, 214 (3d Cir. 2012)..............................................3
Watson v. Weeks, 436 F.3d 1152, 1157 (9th Cir. 2006) ..........................................................................................3

## Statutes

15 U.S.C. § 2301(1) and (3) .......................................................................................................................5
15 U.S.C. § 2301(5).....................................................................................................................................8
15 U.S.C. 2301 et. seq. ................................................................................................................................2
F.R.Civ.P. 9(f) ...........................................................................................................................................8
Fed. R. Civ. P. 12(e) ...................................................................................................................................3
Fed. R. Civ. P. 9(b)......................................................................................................................................8
FED.R.CIV.P. 12(b)(6)..................................................................................................................................3
N.J.S.A. § 56:12-30 .....................................................................................................................................4
N.J.S.A. 39:1-1 ...........................................................................................................................................4
N.J.S.A. 56:12-29 .....................................................................................................................................2, 4
N.J.S.A. 56:12-29 et. seq ..............................................................................................................................2
N.J.S.A. 56:8-1 et. seq ..................................................................................................................................2

## Introduction

Reading removed the above-entitled action on March 22, 2021, which was originally filed in the Superior Court of New Jersey, Gloucester County, Law Division, to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446 without waiver of any defenses. (Dk.1). Defendant Reading now moves for dismissal of Plaintiff's claims for violations of the New Jersey Motor Vehicle Warranty Act (N.J.S.A. 56:12-29 et. seq.), New Jersey Consumer Fraud Act (N.J.S.A. 56:8-1 et. seq.), and Magnuson-Moss Warranty Improvement Act (15 U.S.C. 2301 et. seq.). Plaintiff's Complaint is attached and marked as Exhibit 1. Plaintiff claims that on October 22, 2020, he purchased a 2020 Ford F-350, manufactured and warranted by "Defendants," without identifying which defendant

manufactured the chassis and which defendant manufactured the utility body on the vehicle. See Exhibit 1, paragraph 5. Plaintiff alleges defects, but fails to identify the specific defects that form the basis of his warranty claims against the defendants. See Exhibit 1, paragraphs 12 and 13.

The basis for the Motion to Dismiss is that the vehicle purchased by the Plaintiff is a clearly a commercial vehicle, used for commercial purposes, and as a result, the Plaintiff cannot avail himself of the New Jersey Motor Vehicle Warranty Act or the Magnuson-Moss Warranty improvement Act. In the alternative, the Complaint should be dismissed and Plaintiff required to file a more definite statement of his claim.

**LEGAL STANDARD**

Rule 12(b)(6), provides for dismissal of an action for "failure to state a claim upon which relief can be granted." See FED.R.CIV.P. 12(b)(6). For a 12(b)(6) motion, "all well-pleaded allegations of material fact [are accepted as true] and construe[d] in the light most favorable to the non-moving party." Padilla v. Yoo, 678 F.3d 748, 757 (9th Cir. 2012). "[C]onclusory allegations of law and unwarranted inferences" are insufficient. Associated Gen'l Contractors v. Metro.Water Dist., 159 F.3d 1178, 1181 (9th Cir. 1998). A complaint must state "evidentiary facts which, if true, will prove [the claim]," Kendall v. Visa U.S.A.,Inc., 518 F.3d 1042, 1047 (9th Cir. 2008), otherwise it will be dismissed. See Watson v. Weeks, 436 F.3d 1152, 1157 (9th Cir. 2006).

Rule 12(e) allows a party, on motion, to "move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The motion "must point out the defects complained of and the details desired." Id. "The class of pleadings that are appropriate subjects for a motion under Rule

12(e) is quite small –the pleading must be sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed." Sun Co., Inc. (R & M) v. Badger Design & Constructors, Inc., 939 F. Supp. 365, 368 (E.D. Pa. 1996) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1376 (1990)). "A motion for a more definite statement "is directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading.'" Wadhwa v. Secretary, Dept. of Veterans Affairs, 505 F. App'x. 209, 214 (3d Cir. 2012) (quoting Schaedler v. Reading Eagle Publication, Inc.,370 F.2d 795 (3d Cir. 1967)).

## ARGUMENT

### I. PLAINTIFF'S VEHICLE IS A COMMERCIAL VEHICLE AND NOT SUBJECT TO THE NEW JERSEY MOTOR VEHICLE WARRANTY ACT

Plaintiff attached to his complaint the sales contract with Holman Ford Lincoln, which shows he purchased a Ford F350 Super Duty upfit with a Reading utility body. A true and correct copy of the sales contract is attached and marked as Exhibit 2. The New Jersey Lemon Law covers a "motor vehicle," defined as "a passenger automobile, authorized emergency vehicle, or motorcycle as defined in N.J.S.A. 39:1-1" N.J.S.A. § 56:12-30. A "passenger automobile" is a vehicle "used and designed for the transportation of passengers, other than omnibuses and school buses." Id. at § 39:1-1. The same section also provides that a "commercial motor vehicle" is a vehicle "used for commercial purposes on the highways, such as the transportation of goods, wares and merchandise." Id. The New Jersey State Legislature in enacting the Lemon Law, N.J.S.A. 56:12-29 et seq. intended the Act's coverage to apply to vehicles used for personal use and not commercial purposes. See Hund v. Ford Motor Company, 1919 N.J. AGEN LEXIS 2195, 91 N.J.A.R.2d (CMA) 1. A "commercial motor

vehicle, which is not covered by the Lemon Law, includes every type of motor-driven vehicle used for commercial purposes on the highways, such as the transportation of goods, wares and merchandise[.]" BJ AM Elec., LLM v. BMW N.Am., LLC, 2019 N.J. Super.Unpub.LEXIS 1052, 2019 WL 2028706, *quoting* N.J.S.A § 39:1-1. In addition, a "manufacturer" under the Act, is defined as a person engaged in the business of manufacturing, assembling or distributing motor vehicles, who will, under normal business conditions during the year, manufacture, assemble or distribute to dealers at least 10 new motor vehicles. N.J.S.A. § 56:12-30.

Although Plaintiff is pursuing this claim as an individual, he operates as "Neimeister Plumbing & Mechanical Contractors," listing his email contact on the sales contract as: "Neimeisterplumbing@gmail.com." See Exhibit 2. The truck purchased by the Plaintiff is not used for the transportation of passengers and commonly referred to as a "work truck" or "utility truck." The utility body manufactured by Reading shows that this vehicle is not a common consumer pick-up truck. A photograph of the body of Plaintiff's vehicle is attached and marked as Exhibit 3.

Based on a review of the Complaint and documents attached thereto, the subject vehicle is clearly not a "motor vehicle" as contemplated by the Lemon Law. The subject vehicle is a commercial vehicle which is excluded from the New Jersey Lemon Law. The body type of the subject vehicle is a "utility body" and not the type that would be a passenger automobile that is "used and designed to transport passengers." See § 39:1-1 and Exhibit 3. Moreover, Reading is not a manufacturer under the act. Since the subject vehicle is not subject to the Lemon Law, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## II. PLAINTIFF IS NOT A CONSUMER AND THE VEHICLE IS NOT A CONSUMER PRODUCT SUBJECT TO THE MAGNUSON-MOSS WARRANTY IMPROVEMENT ACT

Plaintiff's Complaint Count II makes a claim based on alleged violation of the Magnuson-Moss Warranty Improvement Act. See Exhibit 1, Count II. Plaintiff offers the conclusory allegations that he is a "consumer" and the subject vehicle is a "consumer product," as defined by 15 U.S.C. § 2301(1) and (3). See Exhibit 1, paragraphs 30 and 32.

However, the Magnuson-Moss Warranty Improvement Act defines a consumer product as: "any tangible personal property which is distributed in commerce and which is normally **used for personal, family or household purposes**…" 15 U.S.C. § 2301 (1), emphasis added. The Magnuson-Moss Warranty Improvement Act also defines a consumer as: "a buyer of any consumer product…" 15 U.S.C. 2301(3). For example, where a cattle rancher purchased of a flatbed truck from a Ford dealership, the court held it was not a "consumer product" under the Act, despite the purchaser's testimony he occasionally transported groceries in the truck. Crume v. Ford Motor Co., 653 P.2d 564, 567 (Ore.App.1982). The court reasoned that the purchaser cannot transform a vehicle that is not commonly used for consumer purposes into one that is because the consumer claims he occasionally used it for personal or household purposes. Id., at 229.

To determine the "normal" use of a product, courts may employ a common sense understanding of the product. Eversole v. Ford Motor Co., 2012 U.S.Dist.LEXIS 49166 (E.D.Va.,2012); Russo v. NCS Pearson, Inc., 462 FSupp2d 981,998 (D.Minn.2006). Courts have also considered the manufacturer's description of the product, how it is advertised and the purpose for which it is designed. Eversole v. Ford Motor Co., 2012 U.S.Dist.LEXIS 49166 (E.D.Va.,2012); People ex rel. Mota v. Central Sprinkler Corp., 174 FSupp2d 824, 829-30 (C.D.Ill.,2001). A number of U.S. District Courts have held heavy trucks to be outside the realm of the Act because the class of vehicle is not normally used for personal, family or household

purposes. See Kwiatkowski v. Volvo Trucks N. Am., Inc., 500 F. Supp. 2d 875 (E.D.Ill.,2007); Frederic v. Ford Motor Co., 2009 U.S. Dist. LEXIS 44072 (U.S.Dist.Md. 2009); Eversole v. Ford Motor Co., 2012 U.S.Dist.LEXIS 49166 (E.D.Va.,2012).

In the case at bar, allegations concerning the use of Plaintiff's vehicle are conspicuously absent. However, an examination of the exhibits attached to Plaintiff's Complaint demonstrates that the subject vehicle is used for commercial purposes and not personal, family or household purposes. The sales agreement Plaintiff purchased a "2020 Ford F350" Super Duty truck. See Exhibit 1 and Exhibit 2. A Ford Super Duty F350 has a GVWR of 10,000 to 14,000 lbs. and is classified as a medium duty truck. The body installed on the subject 2020 F350 Super Duty is a utility body with integrated tool boxes, which is for commercial purposes by nature and depicted in Exhibit 3. See Exhibit 3. It is clear the subject vehicle is not used for personal family or household purposes.

Similar to the cattle truck in Crume, a work truck by any other name is still a work truck based on its normal appearance and use. Furthermore, the Court can look to the manufacturer's description, how it is advertised, the purpose for which it was designed and the class of truck in making its determination of whether it is a "consumer product" under the Act. Based on these factors, there is no other logical conclusion than the subject vehicle is not a consumer product. Therefore, Plaintiff's claim under the Magnuson-Moss Warranty Improvement Act also fails to state a claim for relief.

## III. IN THE ALTERNATIVE, DEFENDANT MOVES FOR A MORE DEFINITE STATEMENT.

Reading seeks, in the alternative, that the Court order Plaintiff to file a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). As stated above, Plaintiff fails – either by omission or design – to provide necessary facts to allow Reading to formulate an

answer with affirmative defenses without prejudicing itself. Plaintiff fails to set forth the classification of the New Jersey motor vehicle registration, the components of the vehicle that are alleged defective, the specific defects of the vehicle, and which defendant manufactured the chassis, which defendant manufactured the body of the motor vehicle and what entity upfitted the body on the chassis.

More specifically, Plaintiff's Complaint makes only conclusory allegations that Plaintiff is a "consumer," defendants are "manufacturers", "suppliers," "warrantors", a "service contractor" and the vehicle is a "consumer product." See Exhibit 1, paragraphs 15, 16, 30-32. Plaintiff fails to set forth any facts as to what Readings' role in the alleged manufacturer or supply of the vehicle to the Plaintiff. Furthermore, Plaintiff fails to set forth any facts that would establish Reading was a "service contractor." See Exhibit 1, para. 31. Plaintiff fails to allege sufficient facts to determine whether Reading was a "supplier" or "service contractor" under the Act by repeatedly referring to the "Defendants" collectively, without differentiating their respective roles in the underlying manufacture and sale of the vehicle.

Plaintiff further fails to state what, if any, warranty was offered to the Plaintiff, alleging only that "Defendants failure to comply with the express written warranties…" caused Plaintiff damages. See Exhibit 1, paragraphs 19, 33-35. The Act defines a "warrantor" as "any supplier or other person who gives or offers to give a written warranty or who is who may be obligated under an implied warranty. 15 U.S.C. § 2301(5) and it is necessary to differentiate the defendants and identify the actual warranties – whether written or oral. Again, Plaintiff's Complaint lacks the basic facts to establish the terms of any warranty offered by Reading, if any. Plaintiff also fails to identify the alleged defects and what defects are attributable to which defendant, Reading or Ford. Rule 9(f) makes allegations of time or place material when testing the sufficiency of a

pleading. F.R.Civ.P. 9(f). Again, Plaintiff fails to state the time and place of the discovery of the alleged defects and when the alleged repair attempts were made.

Moreover, Rule 9(b) requires that a party alleging fraud "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). In meeting the particularity requirements of Rule 9(b), a plaintiff must plead "the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984); Lum v. Bank of America, 361 F.3d 217, 223-24 (3d Cir. 2004). In addition, Plaintiffs must allege "who made a misrepresentation to whom and the general content of the misrepresentation." Lum, 361 F.3d at 224.

Plaintiff attempts to dove-tail a New Jersey Consumer Fraud Act claim into his complaint with the Lemon Law claim at Count I. See Exhibit 1. However, Plaintiff fails to meet the heightened requirements under Rule 9(b) that arise from a fraud based consumer statute. Plaintiff wholly fails to set forth any facts that put Reading on notice of the precise conduct giving rise to the alleged fraud, so it can formulate an answer with appropriate affirmative defenses.

Plaintiff's failure to provide a more definitive statement in his complaint prevents Reading from framing an answer that includes the appropriate defenses and whether the relief claimed is applicable to Reading. Much of the lacking information is entirely within the possession of the Plaintiff and unknown to Reading. Therefore, Plaintiff's Complaint should be dismissed and this Court should order a more definite statement.

**CONCLUSION**

For the above reasons, this Court should grant Defendant Reading's Motion to dismiss or, in the alternative, it's Motion for a More Definite Statement.

REGER RIZZO & DARNALL LLP

**DATED: March 29, 2021**

By:/s/ Jason J. Sweet, # 033311999
Jason J. Sweet, Esquire
Ernest H. Ehling, Jr., Esquire
Attorneys for Defendant
Reading Truck Body, LLC